IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON SNIPES, )<br>          **Plaintiff,** )<br>)<br>vs. )<br>)<br>C/O WITTHROP, JOSHUA FRITZ, )<br>LANCE ESARY, C/O HELMER, LT. )<br>LIEFER, J. CARTER, C/O BRYANT, DR. )<br>JOHN DOE and JOHN DOE ORANGE )<br>CRUSH TACT TEAM, )<br>)<br>          **Defendants.** ) | CIVIL NO. 05-909-WDS |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

      **COUNT 1:**    Against unspecified defendants for depriving him of personal property, in violation of his rights under the Eighth and Fourteenth Amendments.

**COUNT 2:** Against Defendant Bryant for tampering with his food trays, in violation of his rights under the Eighth Amendment.

**COUNT 3:** Against unspecified defendants for conditions of his confinement, in violation of his rights under the Eighth Amendment.

**COUNT 4:** Against Defendants Fritz, Carter and Witthrop for use of excessive force, in violation of his rights under the Eighth Amendment.

**COUNT 5:** Against Defendant Fritz for filing false disciplinary charges, in violation of his rights under the Fourteenth Amendment.

**COUNT 6:** Against Defendants Fritz and Liefer for conditions of his confinement, in violation of his rights under the Eighth Amendment.

**COUNT 7:** Against Defendants Witthrop and Orange Crush Tact Team for use of excessive force, in violation of his rights under the Eighth Amendment.

**COUNT 8:** Against Defendant Doctor John Doe for denial of medical treatment, in violation of his rights under the Eighth Amendment.

**COUNT 9:** Against Defendants Fritz, Helmer and Esary for assault, in violation of his rights under the Eighth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

**COUNT 1**

When Plaintiff was transferred from Stateville to Menard, he was not allowed to keep his deodorant because it contained alcohol. He also was not allowed to keep a container of baby powder because it was a larger size than permitted by Menard policy. Further, a bottle of shampoo had spilled in his property box, damaging underwear, magazines, and some of his legal paperwork. It took two weeks for his trust fund balance to transfer to Menard, so during that period he was unable to purchase replacement supplies at the commissary. Finally, he claims that he was not allowed to have television privileges after 60 days of clear conduct, contrary to Menard policy.

No constitutional principle requires that inmates be permitted to own or receive hygiene items for the sake of owning cosmetics, but the deprivation of essential items may leave a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy and at that point, a constitutional right may be implicated. In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at 1234. The Circuit noted that "[i]nmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Id.* at 1235-36. The Circuit then noted that "[a]lthough Harris experienced considerable unpleasantness, he suffered no physical harm," *id.* at 1235, and found that the conditions simply did not rise to the level of an Eighth Amendment violation.

Plaintiff was without deodorant for approximately six weeks. However, he admits that he did have soap, and he was able to wash frequently in order to compensate for the lack of deodorant. Although this deprivation may have made his life unpleasant, nothing in the Constitution requires a prison life to be pleasant, and his rights under the Eighth Amendment were not violated by the lack of deodorant.

The only other constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has no claim under Section 1983, and Count 1 is dismissed from this action with prejudice.

## COUNT 2

Plaintiff next complains that his metal food trays were marked with black or blue ink, the styrofoam tray would have tears in it, and his food would be slopped together as though the tray had been dropped. Plaintiff alleges that Defendant Bryant deliberately tampered with his trays, despite Plaintiff's requests that Bryant cease this behavior.

In this case, Plaintiff makes no allegation that he was deprived of any meals due to Bryant's

actions, nor does he allege any harm to his health. Therefore, his claims do not rise to the level of a constitutional violation, and Count 2 is dismissed from this action with prejudice.

### COUNT 3

When Plaintiff did not receive favorable responses to his grievances over his hygiene items, his television, and his food trays, he announced a hunger strike in protest. He was moved to a cell with a solid front door, where the cold water faucet did not work, the toilet, sink and floor were dirty, and the lights were on 24 hours each day.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

This case is devoid of any allegations that any specific individual was responsible for these conditions. Furthermore, Plaintiff does not suggest that these conditions created any excessive risk to his health or safety during the time he was confined to this cell. Therefore, he has failed to state a claim upon which relief may be granted, and Count 3 is dismissed from this action with prejudice.

### COUNT 4

During his hunger strike, Plaintiff alleges that Defendant Fritz "hurled a juice drink" at him, striking him on the side of his head. When Plaintiff refused repeatedly to drink the juice, Fritz summoned Defendants Carter and Witthrop. Plaintiff was taken to the shower unit for a strip search, where he alleges that he was assaulted by Fritz and Witthrop.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of Count 4 at this point in the litigation.

#### COUNT 5

Plaintiff next alleges, vaguely, that Defendant Fritz filed false disciplinary charges against him. He makes no allegations regarding the outcome of these charges, and he has failed to state a claim upon which relief may be granted. Therefore, Count 5 is dismissed from this action with prejudice.

#### COUNT 6

Plaintiff continued his hunger strike, and he was confined to a cell for a week with no

running water at all. From the complaint, it appears that Plaintiff believes that Defendants Fritz and Liefer were responsible for this decision.

As stated above, in a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* The allegations in this claim – being confined to a cell with no running water during a hunger strike – could create an excessive risk to Plaintiff's health, and his allegations against Defendants suggest that this situation was deliberately created. Therefore, the Court is unable to dismiss any portion of Count 6 at this point in the litigation.

### COUNT 7

Plaintiff alleges, next, that on May 12, 2004, he was once again assaulted by Witthrop, this time in concert with the Orange Crush Tact Team. As stated above, the intentional use of excessive force by prison guards against an inmate may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 at 6-7; *DeWalt v. Carter*, 224 F.3d at 619. Therefore, the Court is unable to dismiss Count 7 at this point in the litigation.

### COUNT 8

Two days after that assault, Plaintiff was finally taken to the medical unit, where he was briefly examined by Defendant Dr. John Doe. Plaintiff alleges that Doe refused to provide him with any pain medication, despite the "excruciating pain" in his rib cage.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of

prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Based on the allegations in the complaint, the Court is unable to dismiss Count 8 at this point in the litigation.

### COUNT 9

Plaintiff's final claim is that on May 13, 2004, Defendants Fritz, Helmer and Esary assaulted him by spraying him with hot and cold liquid that smelled like urine. Such an action, standing alone, might not constitute excessive force. However, when read in conjunction with the pattern of harassment that Plaintiff alleges, the Court finds that this incident might be the sort of force 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10; *see also Outlaw*, 259 F.3d at 837-38. Accordingly, the Court is unable to dismiss Count 9 at this point in the litigation.

### PENDING MOTIONS

Before the Court is Plaintiff's motion to advance the proceedings (Doc. 10); this motion is now moot and is **DENIED.**

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2, COUNT 3** and **COUNT 5** are

**DISMISSED** from this action with prejudice.

      **IT IS FURTHER ORDERED** that Defendant **BRYANT** is **DISMISSED** from this action with prejudice, as no claims remain pending against him.

      The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **CARTER, ESARY, FRITZ, HELMER, LIEFER** and **WITTHROP**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

      The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **CARTER, ESARY, FRITZ, HELMER, LIEFER** and **WITTHROP** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

      With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  August 2, 2007.**

> **s/ WILLIAM D.  STIEHL**
> **DISTRICT JUDGE**