UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON SNIPES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-cv-909-JPG-DGW |
| ) | |
| C/O WITTHROP, JOSHUA FRITZ, LANCE ) | |
| ESARY, C/O HELMER, LT. LIEFER, J. ) | |
| CARTER, C/O BRYANT, and UNKNOWN ) | |
| PARTY, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Currently pending before the Court is Defendant Daniel Helmer's Motion for Summary Judgment filed on October 22, 2009 (Doc. 79). For the reasons set forth below, the motion should be **GRANTED**.

### BACKGROUND

Plaintiff filed his complaint in this matter on December 27, 2005 (Doc. 1). On August 2, 2007, the District Court completed its threshold review of the complaint, finding that Plaintiff stated five claims for relief: three for excessive use of force against Defendants Fritz, Liefer, Carter, Witthrop, Helmer, and Esary, one for unconstitutional conditions of confinement against Defendant Fritz, and one for deliberate indifference to a serious medical need against an unknown defendant (Doc. 11). On October 15, 2007, Defendants Fritz, Liefer, and Carter filed a Motion for Summary Judgment arguing that Plaintiff had not exhausted his administrative remedies prior to filing suit as required under 42 U.S.C. §1997e(a). United States Magistrate Judge Donald G. Wilkerson held a hearing on the question whether Plaintiff had exhausted his administrative remedies on September 16, 2008. Upon the recommendation of Judge Wilkerson, the Court found that Defendants met their

burden of establishing that Plaintiff failed to exhaust his administrative remedies prior to filing suit and on May 20, 2009, dismissed the action (Docs. 70 and 71). The Seventh Circuit Court of Appeals dismissed Plaintiff's appeal of the dismissal on July 24, 2009, for failure to pay the docketing fee (Doc. 76).

***Defendant Helmer***

A Notice of Lawsuit and Request for Waiver of Service of Summons was directed to C/O Helmer on August 3, 2007. On September 4, 2007, the United States Marshals Service ("USMS") requested that the Court issue an order directing the Illinois Department of Corrections ("IDOC") to provide the last known address for Defendant Helmer to the USMS for service of process (Doc. 20). The Court issued this order on November 1, 2007 (Doc. 29).

On February 5, 2008, the USMS filed a second motion indicating that attempts to serve Defendant Helmer at the address provided by IDOC were unsuccessful and asking for a second order requesting additional personal information for the purpose of locating Defendant (Doc. 36). The Court issued a second order to the IDOC on March 25, 2008 (Doc. 39). On April 8, 2008, the IDOC filed a notice of compliance with the Court indicating it had provided the last known address of Defendant Helmer to the USMS on April 2, 2008 (Doc. 43). On July 31, 2008, the USMS filed a third motion asking the Court to order the IDOC to provide the USMS with Defendant Helmer's last known address (Doc. 54). The Court issued the order on August 11, 2008 (Doc. 58). No further documentation regarding service of process on Defendant Helmer appears in the docket until February 10, 2009, at which time the Clerk requested that the USMS issue summons as to Defendant Helmer (Doc. 64). Summons was issued on February 11, 2009 (Doc. 65). The summons was

returned executed on October 6, 2009 (Doc. 78), after the Court had dismissed the case and the Seventh Circuit had dismissed the appeal.

On October 22, 2009, Defendant Helmer filed a Motion for Summary Judgment indicating that Defendant Helmer would argue, as did Defendants Fritz, Liefer, and Carter, that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Doc. 79). Defendant Helmer asked the Court to allow him to adopt the Motion for Summary Judgment of Defendants Fritz, Liefer, and Carter, which the Court previously granted. Defendant Helmer also filed a motion to stay his filing of an answer in the action until the Court ruled upon the motion for summary judgment (Doc. 81).

Plaintiff filed a response and affidavit to Defendant Helmer's motion for summary judgment on November 2, 2009 (Doc. 82). Plaintiff stated he had no objection to Defendant Helmer "being added to the pool of listed defendants" in the case. Plaintiff argued, however, that Defendants Fritz, Liefer, and Carter "won summary judgment through deception and trickery" in that Major John Inman (not a defendant) prevented the return of grievances to Plaintiff after a July 14, 2004, hearing.

***Defendant Esary***

On August 29, 2007, a waiver of service was returned unexecuted as to Defendant Lance Esary with a notation by the USMS that Defendant Esary was deceased (Doc. 16). On July 30, 2008, the Court entered a Suggestion of Death Upon the Record pursuant to Fed. R. Civ. P. 25(a) (Doc. 49). The order called for motions to substitute by October 28, 2008. No party filed a motion to substitute by that date.

**ANALYSIS**

Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v.*

*California*, 460 U.S. 605, 618 (1983). A court is precluded from "reexamining a previous ruling" in the same case unless that ruling was "manifestly erroneous." *Starcon Int'l, Inc. v. Int'l Bhd. of Boilermakers*, 450 F.3d 276, 278 (7th Cir. 2006).

The Court previously found that Plaintiff did not exhaust administrative remedies as to the claims in this case prior to filing suit, in contravention of 42 U.S.C. §1997e(a). This determination is now the law of the case. It applies equally to the claims raised against Defendant Helmer as it did to the claims against Defendant Fritz, Liefer, and Carter. Plaintiff's response to Defendant Helmer's motion does not demonstrate or even argue that the Court's prior ruling on the question of exhaustion was manifestly erroneous. Accordingly, Defendant Helmer's Motion for Summary Judgment on the question of exhaustion of administrative remedies shall be granted. Defendant Helmer shall be dismissed without prejudice.

Because the parties did not timely move to substitute Defendant Esary, he shall be dismissed with prejudice. *See Russell v. City of Milwaukee*, 388 F.3d 662, 668 (7th Cir. 2003).

## CONCLUSION

For the foregoing reasons, Defendant Helmer's Motion for Summary Judgment (Doc. 79) shall be **GRANTED**, whereby the Court **DISMISSES** Defendant Helmer **without prejudice**. Further, Defendant Esary is **DISMISSED with prejudice** because the parties did not move to substitute him in a timely manner. At the close of this case, the Clerk of Court is **DIRECTED** to enter amended judgment pursuant to Federal Rule of Civil Procedure 60(a). Defendant Helmer's Motion to Stay Answer (Doc. 81) is **DENIED as moot**

As a final matter, the Court notes that Plaintiff has yet to achieve service of process on Defendant Witthrop, who represents the last remaining defendant in this case. Plaintiff is

**ORDERED** to show cause by October 1, 2010, why he has failed to effectively serve Defendant Witthrop.  If he does not, amended judgment shall enter.

**IT IS SO ORDERED.**
**DATED: September 9, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
