UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON SNIPES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-cv-909-JPG-DGW |
| ) | |
| C/O WITTHROP, JOSHUA FRITZ, LANCE ) | |
| ESARY, C/O HELMER, LT. LIEFER, J. ) | |
| CARTER, *Sgt*., C/O BRYANT, and ) | |
| UNKNOWN PARTY, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Leon Snipes' Response (Doc. 86) to the Court's Memorandum and Order (Doc. 85) of September 9, 2010. In that order, the Court, *inter alia*, required Snipes to show cause concerning his failure to effectively serve Defendant C/O Witthrop, lest said defendant be dismissed. In his response, Snipes explains that "[a]ll the defendants, including Witthrop, had summons submitted by the Plaintiff to the Court to be served. From this juncture, it is up to the Court to effect service on the various defendants and with due diligence this [C]ourt would have been aware of this."[1] (Doc. 86, p. 1).

Over three years ago, on August 29, 2007, waiver of service as to Witthrop was returned unexecuted by the United States Marshals Service ("USMS"). The process receipt and return bore the following notation: "8-14-07[,] Menard CC [Correctional Center] states that no one with the name Witthrop is employed there." (Doc. 17, p. 1). Contrary to Snipes' assertion, the Court previously made it clear to Snipes "that it is *his* responsibility to provide the Court with the names

---

[1]The remainder of Snipes' response does not address the Court's show cause order; therefore, it will not be considered.

and services addresses for [the named defendants]." (Doc. 11, p. 9) (emphasis added). It is obvious that Snipes was on notice of the waiver's deficiency and that he had more than enough time in which to provide the USMS with an appropriate address for Witthrop. Snipes' failure to correct the waiver in light of the Court's explicit advice to him necessitates dismissal of Witthrop.

For the foregoing reasons, the Court **DISMISSES** the remaining claims against Witthrop **without prejudice**, thereby **DISMISSING** Witthrop from this matter. Further, as alluded to in the most recent Memorandum and Order (Doc. 85), the Court's Judgment (Doc. 71) of May 20, 2009, was premature. Specifically, it did not address Witthrop, other named defendants, and the dismissal of certain claims with prejudice. As such, pursuant to Federal Rule of Civil Procedure 60(a), the Court **VACATES** said judgment and **DIRECTS** the Clerk of Court to enter amended judgment accordingly.

**IT IS SO ORDERED.**
**DATED: September 22, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**