UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEON SNIPES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-909-JPG-DGW |
| | ) | |
| C/O WITTHROP, JOSHUA FRITZ, LANCE ESARY, C/O HELMER, LT. LIEFER, J. CARTER, *Sgt*., C/O BRYANT, and UNKNOWN PARTY, *John Doe Doctor and John Doe Orange Crush Tact Team*, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Leon Snipes' ("Snipes") Motion for Reconsideration (Doc. 89) and Motion to Compel (Doc. 90). The time for a response has not lapsed, yet Defendants need not file one.

### **Motion for Reconsideration (Doc. 89)**

Because Snipes filed his reconsideration motion more than ten days after entry of the Amended Judgment (Doc. 88), the Court will treat it as if made pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th

Cir. 1995). A motion filed pursuant to 60(b) is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995); *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).

Here, Snipes argues that his status in solitary confinement, limited access to the prison's law library personnel, and lack of counsel require the Court to reconsider its dismissal of Defendants Lance Esary and C/O Witthrop. These arguments, however, do not and cannot meet the high threshold of Rule 60(b).

Snipes' segregated status and lack of access to law library personnel should have been raised before entry of judgment. Regardless, these arguments do not demonstrate legal error with respect to Esary and Witthrop. Snipes had ample opportunity to move for substitution of Esary after his death, and the Court allowed Snipes to explain why he had not served Witthrop despite being on notice of ineffective service of process for more than three years. He failed to do so with respect to both Defendants. Moreover, the Court previously heard and rejected Snipes' arguments for the appointment of counsel on multiple occasions and will not do so again. It is for these reasons that the Court **DENIES** Snipes' Motion for Reconsideration (Doc. 89).

## Motion to Compel (Doc. 90)

Because amended judgment has entered in this case and the Court has declined to reconsider the contents of said judgment, the Court is without jurisdiction to hear Snipes' Motion

to Compel (Doc. 90).  For this reason, the Court **DENIES** said motion.

**IT IS SO ORDERED**
**DATED: October 21, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**